IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

REGINA WEBSTER,            )
                           )
         Plaintiff,        )
                           )
v.                         )         Civil Action No. 3:20-cv-344–HEH
                           )
CHESTERFIELD COUNTY SCHOOL )
BOARD,                     )
                           )
         Defendant.        )

**MEMORANDUM OPINION**
(Denying the Motion to Dismiss)

This matter is before the Court on the Chesterfield County School Board's ("Defendant") Motion to Dismiss (ECF No. 6) filed on August 18, 2020. Defendant claims that Regina Webster ("Plaintiff") fails to state a claim upon which relief can be granted and urges the Court to consider four supporting documents attached to the Motion. Plaintiff brings two claims in her Complaint: (1) that she was sexually harassed by a student to the extent that it created a hostile work environment as defined under Title VII and (2) that Defendant failed to provide reasonable accommodation for her hearing sensitivity pursuant to the Americans with Disabilities Act ("ADA"). The parties have filed memoranda supporting their respective positions, and the Court heard oral argument on October 1, 2020. Based on the present record and the arguments that follow, Defendant's Motion to Dismiss will be denied.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to her. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed through this lens, the facts are as follows.

Plaintiff works as an Instructional Assistant in Special Education at Providence Elementary School located in Chesterfield County. Plaintiff contends that one of her assigned students—a young man suffering from an intellectual disability—repeatedly touched her genitals and groped her. She claims that she frequently reported this behavior to her supervisor and to the school administration to no avail.

In addition to the touching and groping, the Complaint references several specific incidents of sexual harassment. On one occasion, the minor student lifted her dress during a general education class. In a separate incident, the student attempted to put his hands in an electrical outlet and, when Plaintiff stood between him and the outlet to prevent the student from electrocuting himself, the student touched and groped her genitals once again. Soon after this last incident, Plaintiff filed a Title IX complaint. The subsequent investigation deemed Plaintiff's allegations "founded." Thereafter, the Board assigned her to a separate bus to avoid contact with the student, changed her schedule to prevent her from walking alone with the student to general education classes, and monitored the classroom to ensure she was not alone with the student. However, Plaintiff was still required to interact with the student throughout the Spring 2019 semester.

According to the Complaint, Plaintiff also suffers from hyperacusis, a medical condition that induces sensitivity to sound. She requested an accommodation to wear earplugs or headphones to reduce her exposure to sound while in the classroom as students often screamed and yelled. However, the Board denied this accommodation because it would prevent Plaintiff from communicating with the students in the classroom. Plaintiff disputes the Board's contention, maintaining that she would still be able to hear the children's voices.

After filing a complaint with the Equal Employment Opportunity Commission ("EEOC") and receiving a right to sue letter, Plaintiff filed the immediate lawsuit within the ninety days permitted by statute. In her Complaint, she states two claims: Count 1 – Sexual Harassment in Violation of Title VII and Count 2 – Denial of Reasonable Accommodation Under the ADA. Defendant thereafter filed the current Motion supported by four attached documents, arguing that they are incorporated by reference.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual

3

allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). The court, however, may consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), as well as documents attached to a motion to dismiss, so long as they are integral to or explicitly relied upon in the complaint, and the authenticity of such documents is not disputed. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. DISCUSSION

Plaintiff claims first that Defendant created a hostile work environment in violation of Title VII by failing to remedy an intellectually disabled student's pattern sexual harassment. To successfully state a claim for a hostile work environment, the "plaintiff must prove that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment

4

and create an abusive work environment, and (4) was imputable to her employer." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003).

Defendant concedes that the first and fourth elements are met. As to the second element of the test, the viability of Plaintiff's claim depends on whether the intellectually disabled child's actions were motivated by Plaintiff's sex. Plaintiff alleges that she need not demonstrate that the intellectually disabled student was capable of knowing and understanding whether the contact was of a sexual nature—only that there was in fact sexual contact—and admits that the Complaint does not allege this fact. (Opp'n Brief at 11 n.3.) The Board states that this is a critical element.

There are no cases within the Fourth Circuit that discuss the issue of student-on-teacher sexual harassment. However, some courts in other Circuits have found that a school system can be liable for a student's sexual harassment of a teacher under Title VII. For example, in *Berger-Rothberg v. City of New York*, the plaintiff, a middle school special education teacher, was subjected to numerous insults based on her religion, violent acts, threats, and sexual contact. 803 F. Supp. 2d 155, 165 (E.D.N.Y. 2011) *Id.* The court concluded that a jury could find that the school officials failed to properly respond to what could plausibly be considered a hostile work environment, and denied the motion for summary judgment. *Id.* Additionally, in *Plaza-Torres v. Rey*, the court also denied a motion for summary judgment, finding that there were factual disputes in the record that could support a middle school math teacher's claims of sexual harassment by a student. 376 F. Supp. 2d 171, 183 (D.P.R. 2005).

5

Thus, evidence that a student engaged in sexually harassing conduct can form the basis for a viable claim under Title VII if the harassment is severe. However, in their reply brief and during argument, Defendant drew the Court's attention to two cases: *Mongelli v. Red Clay Consol. Sch. Dis., Bd. of Educ.*, 491 F. Supp. 2d 467 (D. Del. 2007) and *Dennis v. Caddo Par. Sch. Bd.*, No. 09-1094, 2011 WL 3117864 (W.D. La. July 26, 2011). In *Mongelli*, a high school special education teacher alleged that one of her students sexually harassed her. 491 F. Supp. 2d at 471–73. The court in *Mongelli*, after carefully reviewing the evidence, concluded that, although a student's aggressive conduct toward a teacher could lead to employer liability under Title VII, that student's conduct was a manifestation of his disability, warranting dismissal at summary judgment. *Id.* at 481. In *Dennis*, the court found that a high school special education teacher's claims under Louisiana law for sexual harassment were not sufficiently severe to create a hostile work environment, meriting summary judgment. 2011 WL 3117864 at *3–4.

Absent from Defendant's supporting memorandum is any persuasive authority that courts have rejected the need for some plausible claim that a mentally disabled child's actions were knowing and intentional. Also conspicuously lacking are cases turning on the four corners of the Complaint as required by Rule 12(b)(6). Both *Mongelli* and *Dennis* were resolved at the summary judgment stage and involved high school special education students, as opposed to elementary school students. *See Dennis*, 2011 WL 3117864 at *3–4; *Mongelli*, 491 F. Supp. 2d at 481. Despite Defendant's contention to the contrary, the Court must rely solely on Plaintiff's allegations in the Complaint. Plaintiff alleges numerous incidents of varying severity that occurred continuously over

6

several months—from the student touching her genitals to lifting her dress in front of a class. She contends that the sexual contact was so frequent, it altered her work environment. At this stage, taking the facts in a light most in favorable to Plaintiff, Plaintiff does present a prima facie case of sexual harassment and a hostile work environment.

The Court understands the difficult situation for both Plaintiff, who has been subjected to unwanted conduct, and Defendant, who is required to educate challenging students. This is a close case, particularly as Plaintiff has "a difficult job, requiring above-average patience and tolerance . . .[but] 'special education students are prone to disruptive behavior by virtue of their disabilities.'" *Dennis*, 2011 WL 3117864 at *4 (quoting *Mongelli*, 491 F. Supp. 2d at 478). The Court will deny the Motion to Dismiss as to Count 1 at this stage to allow for development of a more fulsome factual record.

Plaintiff's second claim is that the School Board improperly denied her accommodation for her hearing condition. In support of its Motion, Defendant attached several documents to its Memorandum in Support of the Motion to Dismiss, which Defendant claims are incorporated by reference into the Complaint. These documents include the following: the Charge of Discrimination filed with the EEOC, the Right to Sue Letter received after the EEOC completed its investigation, the Reasonable Accommodation Request, and the doctor's note verifying Plaintiff's disability. Plaintiff agrees that the Charge of Discrimination and the Right to Sue Letter are both incorporated by reference but argues that the Reasonable Accommodation Request and the doctor's note are not.

7

For a document to be incorporated by reference into the complaint, there must be explicit language referring to the documents. *Oberg*, 745 F.3d at 136; *Philips*, 572 F.3d at 180. Plaintiff states that she "sought on the recommendation of her doctor to be allowed to wear ear plugs or headphones to reduce the screaming sounds. [Defendant], however, rejected the request." (Compl. ¶¶ 26–27.) While Plaintiff discusses her hyperacusis diagnosis and her request for an accommodation based on her doctor's recommendation, there is no explicit reference in the Complaint to the doctor's note nor the Reasonable Accommodation Request. Although these documents appear to be integral to understanding the nature of Plaintiff's disability and the accommodation request, merely stating that there was a request and that she had a doctor's recommendation are insufficient to incorporate the two documents. The Court finds that, while the Court can consider the Charge of Discrimination and Right to Sue Letter, the language in the Complaint does not explicitly refer to the doctor's note and the Reasonable Accommodation Request. Thus, the Court cannot consider these documents in support of Defendant's Motion to Dismiss at this stage.

An employer cannot discriminate against an individual based on a disability and must provide reasonable accommodations. 42 U.S.C. § 12112(a)–(b). To allege a claim for failure to accommodate under the ADA, the plaintiff must show: "'(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such

accommodations.'" *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001) (quoting *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir.1999)).

Plaintiff states a prima facie claim for a failure to accommodate her disability based on the facts stated in her Complaint. She claims that she has a diagnosis of hyperacusis, a sensitivity to sound, and requested that she be allowed to wear either headphones or earplugs to muffle the children's yells and screams. The Board refused Plaintiff's accommodation request as they believed wearing headphones would limit her ability to hear and, by extension, her ability to effectively teach the students. Plaintiff asserts that she still is capable of hearing students' voices as the headphones only muffle the high-volume screams in her assigned classroom. Based on these allegations, the Court finds Plaintiff has stated a prima facie case for failure to accommodate a disability under the ADA.

## IV. CONCLUSION

While the claims may not survive summary judgment, the freestanding Complaint survives Rule 12(b)(6) review. Consequently, the Court finds that Plaintiff states a plausible claim under both Title VII for a hostile work environment and failure to accommodate under the ADA. Accordingly, the Motion to Dismiss (ECF No. 6) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 14, 2020
Richmond, Virginia

9